

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 16, 1993

Honorable Renee Higginbotham-Brooks
Chairman
Texas Alcoholic Beverage Commission
P.O. Box 13127
Austin, Texas 78711-3127

Opinion No. DM-207

Re: Whether the Open Meetings Act, V.T.C.S. article 6252-17, permits a member of the Alcoholic Beverage Commission who is unable to attend a commission meeting in person to participate by live video transmission (RQ-428)

Dear Commissioner Higginbotham-Brooks:

You have asked us to determine whether the Open Meetings Act (the "act"), V.T.C.S. article 6252-17, permits a member of the Alcoholic Beverage Commission who is unable because of scheduling problems to attend a commission meeting in person to participate in the meeting via live video transmission. You explain that the proposed arrangement would enable the absent commissioner to be recorded live with video equipment and televised so that both the members of the public and the commissioners present at the meeting can see and observe the absent commissioner. The absent commissioner also would be able to see and observe both the members of the public and the commissioners present. We conclude that the act does not permit such an arrangement.

This office considered a similar problem in Attorney General Opinion JM-584 (1986), in which the Texas Board of Licensure for Nursing Home Administrators (the "board") asked whether it could meet and vote on cases by teleconference call. Attorney General Opinion JM-584 (1986) at 1. This office did not limit the opinion to meetings of the board, however; instead, the opinion stated that its conclusions would apply to all meetings of all governmental bodies that are subject to the act. *Id.* at 3. Initially, the opinion noted that the act does not explicitly answer the board's question, but the opinion also noted that the legislature intended the act to open to the public the governmental decision-making process. *Id.*; *see Cox Enters., Inc. v. Board of Trustees of the Austin Indep. School Dist.*, 706 S.W.2d 956, 958 (Tex. 1986).

While the opinion determined that deliberations by teleconference could fall within the act's definition of "meeting," it cited several provisions in the act indicating that the legislature assumed that members of a governmental body would appear in person at a

meeting. Attorney General Opinion JM-584 at 3. The opinion discussed several such provisions:

> Section 1(a) provides that members of a governmental body are not prohibited from gathering for social occasions or attendance at national conventions and workshops, gatherings that necessarily involve personal attendance. Section 3A exempts from the notice requirement of article 6252-17, V.T.C.S., limited answers to "an inquiry made at such meeting . . . made by a member of the general public or by a member of the governmental body." V.T.C.S. art. 6252-17, § 3A. The public has no right under the act to speak at meetings; that is a matter controlled by the discretion of the governmental body or, in some cases, by a particular statute. Attorney General Opinion H-188 (1973) . . . Nonetheless, the section 3A procedure for handling inquiries from the public rests on the assumption that board members will be able to hear people attending the meeting. Section 3A also contemplates that the meeting shall be held in a "place" specified in the notice. These provisions at least suggest that the legislature assumed that board members would be physically present at meetings subject to the Open Meetings Act.

*Id.* at 3-4. In addition, the opinion relied upon the language of the Texas Supreme Court's decision in *Cox Enterprises, Inc.*, which implied that the public interest requires board members to attend meetings in person. *Id.* at 4.

Finally, the opinion compared the act with article 9.10(C) of the Business Corporation Act, V.T.C.S. article 1.01 - 12.54, in which the legislature expressly has authorized a private corporation's shareholders, members of the board of directors, or members of a committee that the board has designated to hold a meeting "by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other." *Id.* at 4-5 (quoting Bus. Corp. Act art. 9.10(C)). Of course, as the opinion pointed out, meetings of shareholders and directors are not open to the public; as a result, a corporation need not consider the public interest when it decides to conduct a meeting by teleconference. *Id.* at 5. On the other hand, the legislature intended the act to further the public interest in accessing the decision-making processes of governmental bodies. *Id.* at 6. The opinion concluded, therefore, that the act itself does not permit a governmental body to conduct a meeting by telephone conference call, although the legislature expressly may authorize such meetings. *Id.* at 7.

Admittedly, some of the concerns we expressed in Attorney General Opinion JM-584 about meetings conducted by teleconference do not apply to meetings conducted by live video transmission. For example, in regard to the teleconference meeting the board proposed, this office was concerned that the absent board member would be unable to

hear members of the public attending the meeting. *See id.* at 4. This office also was concerned that members of the public would be unable to observe the demeanor and hear the voice of the absent board member. *Id.* at 6. Here, however, you state that the live video transmission arrangement you are proposing would enable the members of the public and commissioners in attendance at a meeting to see and hear the absent commissioner, and vice versa. Nevertheless, as we stated in Attorney General Opinion JM-584, we believe that the act assumes that members will be physically present at the location designated in the notice to conduct a meeting subject to the act.

We note that, subsequent to the issuance of Attorney General Opinion JM-584, the legislature added section 2(r) to the act. *See* Acts 1987, 70th Leg., ch. 964, § 4. Section 2(r) authorizes the governing body of an institution of higher education to conduct an open or closed meeting by telephone conference call. In our opinion, the legislature's enactment of section 2(r) validates this office's belief that, with the exception of the governing body of an institution of higher education, the act assumes that members of a governmental body will be physically present at a meeting of the governmental body.

Furthermore, we note that article 9.10(C) of the Business Corporation Act authorizes a private corporation's shareholders, board of directors, or committee to meet "by means of conference telephone *or similar communications equipment.*" We believe that article 9.10(C) permits shareholders, the members of a corporation's board of directors, or a committee to conduct a meeting by means of live video transmission, the method you are suggesting. The legislature has not, however, explicitly authorized a governmental body subject to the act to permit a member who is unable to attend a meeting in person to participate via live video transmission. Unless and until the legislature authorizes such a practice, a governmental body subject to the act may not permit an absent member to participate in a meeting of the governmental body by means of live video transmission.

## S U M M A R Y

In the absence of specific legislative authorization, a governmental body subject to the Open Meetings Act, V.T.C.S. article 6252-17, may not permit a member who is unable to attend a meeting in person to participate via live video transmission.

Very truly yours,

Dan Morales

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General